OPINION
{¶ 1} Delores Williams appeals from the trial court's entry of summary judgment against her on her complaint for underinsured motorist ("UIM") benefits through a policy issued to her by appellee Horace Mann Insurance Company ("Horace Mann").
 {¶ 2} Williams advances two assignments of error on appeal. First, she contends the trial court erred in entering summary judgment on the basis of policy language providing that an "underinsured motor vehicle" does not include any vehicle "furnished for the regular use of you [the insured] or your relatives." Second, she argues that summary judgment was inappropriate on the basis of policy language providing that an "underinsured motor vehicle" does not include any vehicle "owned or operated by a self-insurer[.]"
 {¶ 3} This litigation apparently stems from injuries Williams sustained when an underinsured driver of a dump truck negligently struck a van that she was operating.[1] At the time of the accident, it appears that Williams was driving in the course of her employment with the Miami Valley Regional Transit Authority ("RTA"), which owned the van. Following the accident, she commenced the present lawsuit, seeking UIM benefits from Horace Mann under an automobile policy it had issued to her.
 {¶ 4} In a November 15, 2002, decision, order and entry, the trial court sustained a motion for summary judgment filed by Horace Mann solely on the basis of a policy provision that excluded certain vehicles from the definition of an "underinsured motor vehicle." In support of its ruling, the trial court reasoned:
 {¶ 5} "The insurance policy in question states `an underinsured motor vehicle does not include any land motor vehicle: 2) furnished for the regular use of you or your relatives. . . .' At the time of the accident, and since 1997, plaintiff was employed as a driver for Miami [Valley] RTA. The accident happened while plaintiff was driving a Miami [Valley] RTA vehicle in the course of her employment. Clearly, such a vehicle falls within the `provided for regular use' exception in the insurance policy. Furthermore, R.C. § 3937.18 specifically allows such limitations of coverage. Therefore, plaintiff's claim for underinsured motorist benefits is precluded by the clear and unambiguous language of the policy." (Doc. #34 at 3).
 {¶ 6} On appeal, the parties dispute whether the RTA van operated by Williams was furnished for her "regular use." More specifically, the parties disagree about whether the evidence reveals a genuine issue of material fact on that question. In support of their respective arguments, both parties have relied on Williams' deposition testimony. Unfortunately, however, the deposition was not filed in the trial court or made a part of the record on appeal. Although we might be tempted to reverse the trial court's entry of summary judgment in favor of Horace Mann on the basis that the record before us contains no evidence to support the entry of judgment as a matter of law, we find an even more fundamental error in the trial court's ruling. In particular, the policy language and Williams' complaint demonstrate that the "underinsured motor vehicle" in this case is not the RTA van Williams was operating but rather the dump truck driven by the tortfeasor.
 {¶ 7} With regard to UIM coverage, the Horace Mann policy provides that the insurance company "will pay damages for bodily injury aninsured is legally entitled to collect from the owner or driver of anunderinsured motor vehicle." (See Policy at 19). The policy then states:
 {¶ 8} "An underinsured motor vehicle does not include any land motor vehicle or trailer: * * *
 {¶ 9} "2. furnished for the regular use of you or your relatives; [or]
 {¶ 10} "3. owned or operated by a self-insurer[.]" (Id. at 20).
 {¶ 11} The foregoing language expressly refers to damages for bodily injury that Williams, the insured, is entitled to collect from the owner or driver of an underinsured motor vehicle. According to Williams' complaint, the driver of the underinsured motor vehicle in this case is the tortfeasor who hit her with a dump truck. (See, e.g., Doc. #1 at ¶ 6, 16). The policy language quoted above provides that an "underinsured motor vehicle" does not include a vehicle furnished for the regular use of Williams or a vehicle owned or operated by a self-insurer. No evidence in the record suggests that the dump truck was furnished for Williams' regular use or that the dump truck was owned or operated by a self-insurer. As a result, the dump truck may well qualify as an "underinsured motor vehicle." Unfortunately, the parties and the trial court erroneously focused on whether the RTA van qualifies as an "underinsured motor vehicle." In light of this error, Horace Mann is not entitled to summary judgment even if the RTA van was furnished for Williams' regular use and was owned or operated by a self-insured. Accordingly, we must sustain Williams' assignments of error (albeit for a reason other than the one she advances), reverse the trial court's judgment, and remand the cause for further proceedings consistent with this opinion.
 {¶ 12} Judgment reversed and cause remanded.
WOLFF, J., and YOUNG, J., concur.
[1] The facts recited above come from Williams' unverified complaint. The record is devoid of any Civ.R. 56 evidence such as deposition testimony or affidavits setting forth the circumstances of the traffic accident. Although both parties have cited Williams' deposition, it was neither filed in the trial court nor made a part of the record on appeal.